UNITED STATES DISTRICT COURT NORTHERN DISTRICT ILLINOIS

```
                                    (
                                    (
Plaintiff          F I L E D       (      No. 21cv1769
Keenan Brown                        (
                  JUL 3 0 2021 ew   (      Judge: Honorable Charles R. Norgle, Sr
        Vs                          (
                 THOMAS G. BRUTON    (      Magistrate Judges: Jeffery Cole
                 CLERK, U.S. DISTRICT COURT (
Defendant                           (
 McDonald's Restaurants of          (
Illinois, Inc.
```

## PRO SE LITIGANT RESPONSE TO DEFENDANT MOTION TO DISSMISS

## NATURE OF CASE FACTUAL BACKGROUND

1.  On October 24th, 2019, Plaintiff KEENAN BROWN a customer at Defendant MCDONALDS RESTAURANTS OF ILLINOIS INC. Located at 295 N. Weber Rd. Bolingbrook, Illinois 60490.

2.  Plaintiff KEENAN BROWN ordered two hot tea beverages and two burgers.

3.  Defendant threw two hot tea beverages without a lid at Plaintiff Keenan Brown.

4.  Plaintiff Keenan Brown has suffered damages burns due Defendant discrimination and negligence and is entitled to relief. Plaintiff has suffered burns and emotional distress mental trauma and loss wages.

5.  Diversity Jurisdiction is proper because Plaintiff is a citizen of the state of Georgia and Defendant MCDONALDS RESTAURANTS OF ILLINOIS INC. is an

entity that principal place of business is located in Illinois. *28 U.S. Code § 1332 - Diversity of citizenship*

6.     Defendant showed reckless disregard to Plaintiff burns and damages that occurred from Defendant negligence. Defendant discrimination based on Pro se protected status being an African American Male. Defendant owed Plaintiff duty of care when serving food and beverages to a customer.

As paying customer on October 24[h], 2019, Pro se purchased to cheeseburgers and two large hot teas form Defendant McDonald's Restaurants of Illinois, Inc. The defendant has failed to Acknowledge pro se once his arrival at Defendant McDonald's Restaurants of Illinois, Inc. Defendant was rude reckless failed to comply with state and federal laws as well restaurant store policy's when servicing Pro se a paying customer.

## JURISDICTION

Plaintiff: Keenan Brown, Citizen of the state of Georgia.

Defendant: McDonalds' Restaurants Of Illinois Inc., Defendant citizen of Illinois business principle place of business is located in Illinois.

The district courts shall have original jurisdiction of all civil actions where the matter controversy exceeds the sum or value of $75,000.

*28 U.S. Code § 1332 - Diversity of citizenship. (a)The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— (1) citizens of different States.*

## **LEGAL DUTY**

Defendant MCDONALDS RESTAURANTS OF ILLINOIS INC. owed Pro se KEENAN BROWN duty of care when serving hot food and beverages. Defendant intentionally discriminated against plaintiff and choose not to put a lid on beverage not one but two large hot beverage nor cautions liners or even trays holder. Defendant intentionally threw them both at plaintiff causing burns bruise damages.

Defendant breached that duty of care when handling hot beverages and not keeping customer health in mind. The defendant breached that duty of care which led to serious damages Pro se experience since that occurred at Defendant MCDONALDS RESTUARANTS OF ILLINOIS INC. Defendant has a duty to provide a safe dining environment to its customer but failed and breach duty they caused Pro se burns injury and damage. Defendant have a duty to make sure Plaintiff had a safe experience without being injured. There was no waring to plaintiff and because of this negligence plaintiff suffered.

Plaintiff suffered damages due to Defendant negligence and injury and emotional stress trauma were a result in the breach of that duty Defendant owed Plaintiff being a paying customer. *In the case of Dillion v. Legg. (Plaintiff appealed the dismissal of her action to recover damages for emotional trauma and physical injury caused by witnessing the death of her infant*

3

*daughter, who was struck and killed by a car negligently driven by defendant.) DILLION V.*

*LEGG-68 CAL.2d 728,69 cal rptr.72,441 P.2d912 (1968)*

2.    Pro se suffered mental trauma of flash backs of the unlawful actions caused by defendant. Defendant MCDONALDS RESTAURANTS OF ILLINOIS INC. clearly had the necessary tools to prevent danger from harming pro se but failed too by not following proper steps of restaurant policy's when fulfilling pro se orders before and after purchased.

In case of MacPherson v. Buick Motor Co. - 217 N.Y. 382, 111 N.E. 1050 (1916) Defendant was not absolved from a duty of inspection because it bought the wheels from a reputable manufacturer the defendant was supposed to make sure everything done correctly when providing paid services to its customer in this case the defendant was held liable for its unlawful actions from judges.

Defendant also chosen not to comfort pro se during his suffering damage, but defendant intended to continue with reckless behavior acts by taunting laughing and mocking pro se as being a customer saying harmful things while being assaulted.

Defendant MCDONALDS RESTAURANTS OF ILLINOIS INC. chosen to harm Pro se as a customer pro se did not deserve treatment of being discriminated against based on his protected status being African American male. Defendant showed reckless disregard even after Plaintiff has suffered damages and failed to accommodate Plaintiff. Pro se has made several calls

to Defendant store also Corporate, and Defendant failed to show care. Defendant has not upheld its own policies and violated health, state and federal laws.

*Heart of Atlanta Motel v. United States - 379 U.S. 241, 85 S. Ct. 348 (1964)* *"Appellant motel owner-operator, which discriminated in the renting of its rooms on the basis of race, sought review of a judgment by attacking the constitutionality of Title II of the Civil Rights Act of 1964. Section § 202 of Title II of the Civil Rights Act of 1964 affirmatively declares that all persons shall be entitled to be free, at any establishment or place, from discrimination or segregation of any kind on the ground of race, color, religion, or national origin, if such discrimination or segregation is or purports to be required by any law, statute, ordinance, regulation, rule, or order of a State or any agency or political subdivision thereof.*

*§ 203 of the Act prohibits the withholding or denial, etc., of any right or privilege secured by §§ 201, § 202 or the intimidation, threatening or coercion of any person with the purpose of interfering with any such right or the punishing, etc., of any person for exercising or attempting to exercise any such right. The district court upheld the constitutionality of Title II of the Civil Rights Act of 1964 and enjoined the motel owner-operator from refusing to accommodate African American guests for racial reasons. The motel owner-operator sought further review."*

Defendant MCDONALDS RESTAURANTS OF ILLINOIS INC. owe duty of care by unlawfully violating Pro se by throwing hot food and beverages at Pro se due to Illinois Food Handling certification. Defendant didn't act reasonably to keep Plaintiff safe from injuries, damages, and burns. Plaintiff Keenan would not have been injured if Defendant was acting with

care and kept a safe environment for its paying customer like Pro se. No intervening acts contributed to the injury. Defendant discrimination, negligence and breach of duty of care caused damages.

*In the case of LANE V. HARDEE'S FOOD SYS. "The court reversed and remanded the matter because a jury could reasonably have found for plaintiff. The court held that defendant owed plaintiff the duty of exercising reasonable care in maintaining the premises in a reasonably safe condition. If plaintiff was injured by slipping on water left on the premises by the owner or its agent, defendant business would be liable whether it had knowledge or not.*

*If the water was on the premises through acts of a third person, or if there was no showing of how it got there, defendant would normally have been liable if it had actual or constructive knowledge of its presence or if the water was there a sufficient length of time so that its presence should have been discovered.*

*The court reversed judgment as a matter of law in favor of defendant restaurant owner and remanded the case for proceedings consistent with the opinion because plaintiff met his burden of presenting sufficient evidence on which a reasonable jury could base a verdict in his favor". LANE vs HARDEE'S FOOD SYS. -184 F.3d705 LEXIS NEXUS*

## THE DUTY OF CARE HAS BEEN BREACHED

Defendant MCDONALDS RESTAURANTS OF ILLINOIS INC. Has failed to do any terminations or coaching to individuals involved with discriminating against plaintiff by throwing hot tea beverage that burned pro se in which injuries resulting in breach of duty

Duty of care is legal obligation imposed in which Defendant MCDONALDS RESTAURANTS OF ILLINOIS INC is required to performing once or before business tractions occurred. Defendant MCDONALDS RESTAURANTS OF ILLINOIS INC failed to uphold its policy to accommodate safety of the pro se as well breached contract after transactions. *Palsgraf v. Long Island R. Co. - 248 N.Y. 339*

*In the case Palsgraf v. Long Island R. Co. - 248 N.Y. 339 the package was dislodged, fell onto the rails, and exploded. The shock of the explosion caused a scale to fall onto plaintiff passenger, who filed this lawsuit for injuries due to defendant's alleged negligence.*

*The trial term court (the Supreme Court) entered a verdict for plaintiff. In 1927, the Supreme Court, Appellate Division affirmed the judgment in favor of plaintiff. These two lower courts held that the negligent acts of the railroad's employees caused the package that contained explosives to be thrown under the train where they exploded. Palsgraf v. Long Island R. Co. - 248 N.Y. 339*

## BROWN PREVIOUS COMPLAINT

1.     Plaintiff Keenan Brown filed initial complaint February 2nd, 2020. After filing initial complaint Judge Kennelly issued order back to Pro Se Litigant on March 25th, 2020. Judge Kennelly stated that there were two significant problems with this complaint. "First, he has not sued the proper defendant he needs to sue the owner of the particular McDonalds franchise and,

perhaps, the employee, not the national corporate entity whose actual name is McDonalds' Corp". "Second, and perhaps most importantly, there does not appear to be a basis for federal Jurisdiction over Mr. Brown's claims. His complaint does not describe a violation of any federal statue-at least none that he identifies."

3. Judge Kennelly stated that the Defendant actual name is McDonalds's Corp and stated that this McDonald's Plaintiff is suing a franchise. The information Judge Kennelly stated is incorrect. Defendant Store located in Bolingbrook, Illinois on Weber Rd, is a Corporate store and not ran by a franchise owner. Plaintiff has done his own due diligence and the Defendant is McDonald's Restaurants of Illinois Inc. *(see EXHIBIT A, E,F,G,N)*

4. Judge Kennelly never granted the U.S. Marshalls to serve the defendant to even verify whether Plaintiff was suing the correct Defendant. Summons was never issued in the previous case the Defendant was not served nor did the defendant file attorney appearance. *(see EXHIBIT A B,M,O, D&J)*. This case shall not be transferred back to Judge Kennelly due to his assumptions and lack of research efforts stating that this store is a franchise and not issuing summons to defendant. Judge Kennelly never gave Pro se Litigant case a chance for trial by jury. Plaintiff has stated claims that relief can be granted also his civil rights was not respected. *(see EXHIBIT D,E,F,G,&J)*

5. It appears to pro se litigant that Judge Kennelly defeated Pro se without a response from the defendant to file motion to dismiss. Pro se litigant received a via email form previous state court defendant attorney Stacy Falco stating *"I was just on the website for the Northern District of Illinois, and it appears you filed something against*

*McDonald's Restaurants – case number 20 CV 851. I previously asked you to send me a copy of any complaint that you may file in federal court, but I have not received any filed document a of yet. My client also has not received any document filed against it in federal court. Please email me a copy of anything you have filed against McDonald's in federal court. Thank you." Stacy.* (See EXHIBIT B&D, E, F, G, &J)

## RES JUDICATA

6.    **Res Judicata** a loser defendant or plaintiff cannot re-sue a winner  when both cases involve the same parties or privies, of the same cause of action unless the losing party is suing for a different action. In this case Res Judicata does not apply to this case because this is a new defendant. **McDonald's Restaurants of Illinois Inc**. *(see Exhibit A&N)* **McDonald's Restaurants Inc** was not served for it to even be litigated. Neither has **McDonald's Restaurants of Illinois Inc.** The previous state attorney admitted via email that attorney and client has not or never been served a US summon usm-285 form the USA Marshall nor was there a receipt of proof of service that Pro Se Litigant was suing the wrong defendant. *(see EXHIBIT A B, D&N)* For Example, Pro Se current complaint, Brown was sent proof of service on May 21, 2021. (*see EXHIBIT C*)


7.    **McDonald's Restaurant of Illinois Inc.** has never been litigated neither has the case been brought to district court. Res judicata only applies to a case that has been litigated and judged. Res Judicata does not apply because it's not the same defendant and the previous defendant never got served. *(see EXHIBIT A B, C,D E,F G& N)* if the defendant was served pro se would have received  a proof of services like his 2021 complaint. But It was never entered

into docket system of defendant filing attorney appearance or proof of summons for case that was with Judge Kennelly. *(see EXHIBIT C)*

## IN FORMA PAUPERIS

Previous Judge Kennelly dismissed and skipped pro se litigant In forma Pauperis. Judge enter judgment without even accepting the case so if Informa Pauperis was never granted plaintiff case shouldn't been denied before the In forma Pauperis was granted the judge never let the defendant argue or defend its response to pro se litigant claim. *(See Exhibit D,J,O,&G)*

The defendant is claiming the res judicata rules, but this is not a reassignment. This consider a new case due never being served a summoned form from US Marshall nor did Pro Se litigant receive a proof service nor did the defendant file attorney appearance in previous in pro se litigant complaint case No.20 cv851 February 5th 2020. On March 31st,2021 pro se filed a new case complaint and the defendant respond by filing an **attorney appearance** and **notice of filing** stating the aware of case *(see EXHIBIT C, L, M)*. *(see EXHIBIT A, D, N &J)*. MCDONALD'S RESTAURANRANTS OF ILLINOIS INC. In which was not filed in District court on February 2nd, 2020. *(see EXHIBIT I,A N, D)*

The defendant acknowledge they has been served due to proof services return and attorney appearance and filing. *(see EXHIBIT C)* for new case but never filed attorney appearance nor a notice of filing during plaintiff pervious complaint case No.20cv851. *(See EXHIBIT B,D)*

## RULE 12(B)(6)

On page four docket No.13 ¶ the defendant is claiming Frcp 12(b)(1) & (1)&(6) "rule stating the court does not have jurisdiction over actions." (*See EXHIBIT Q*)

Pro Se case should not be dismissed nor transferred. Defendant owed Pro Se duty of care when throwing hot beverage at Pro Se. Defendant breached that duty based on Pro Se protected status being an African American Male. Plaintiff suffered injuries due to defendant negligence and intentional discrimination by throwing two hot teas beverages at Pro Se and Defendant was aware beverages were extremely hot and knew there was no lid. Plaintiff suffered burns, mental damage, emotional trauma, panic attacks, anxiety, mental intellect was off and disturb, pain and suffering. It affected plaintiff work couldn't perform properly. The injuries were a result of Defendant throwing two hot teas beverage at plaintiff.

## RULE 12(B)(1)

Jurisdiction is proper because Pro Se Litigant is a citizen of the state of Georgia. Pro Se can provide legal proof that Federal Laws requires, and Honorable Judge Norgle sees fit. 28 U.S. Code § 1332 - Diversity of citizenship. (a)The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— (1) citizens of different States.

## CONCLUSION

In closing, Pro se litigant is requesting that honorable Judge Norgle will resume litigating this proceeding. Plaintiff is demanding justice and case be tried before a jury in the court of law Plaintiff is requesting that Defendant Motion to dismiss be denied. Plaintiff is requesting relief to

be granted due to damages caused by Defendant. MCDONALDS RESTURAUNTS OF ILLINOIS INC. breached duty of care by failing to exercise reasonable care in fulfilling the duty of serving a beverage beyond hot temperature to Pro Se KEENAN BROWN. Breach of that duty has caused burns phycological trauma, emotional distress, and pain and suffering.

Pro Se has showed cause and is owed his day in court with defendant MCDONALDS RESTAURANTS OF ILLINOIS INC. Pro Se has shown his due process, due diligence and shouldn't be barred from case being heard. Plaintiff is a Pro Se in this case and not an attorney, Pro Se has sought as many resources through this pandemic to support case and shouldn't be held such the highest standard. Plaintiff understands there are rules and procedures in the court of law and has put forth due process to follow.

Defendant owed plaintiff duty of care. Defendant showed reckless disregard and discriminated against plaintiff based on protected status being an African American male. Defendant was aware that beverages were above average and intentionally didn't put lid on two cups and threw them at plaintiff. No intervening acts contributed to Plaintiff injury. Pro Se is entitled to relief. *Liebeck v. McDonald's Restaurants U.S. CV 93-02419, (1995)*

Plaintiff has suffered burns emotional damage having sleepless night mental trauma seeking therapy from pastor's panic attacks flashback reliving that that moment over and over in his head causing Pro se litigant to be antisocial. Relief should be granted because defendant owed plaintiff duty of care when serving. Pro Se Keenan is seeking relief. This case shouldn't be transferred to Judge Kennelly because Res Judicata cannot be applied. Defendant was never

served or issued summons and defendant has never filed an appearance regarding this matter. This is Pro Se first time filing a complaint in Federal Court against MCDONALD'S RESTAURANT OF ILLINOIS INC. (*See EXHIBIT A,B,N,D,O*)

Jurisdiction is proper because plaintiff is a citizen of the state of Georgia and plaintiff is a resident in Roswell Georgia and can provide legal proof that Judge Norgle sees proper and federal law requires. Defendant shall not refer to plaintiff being a citizen of Illinois that is not Plaintiff residence and defendant shall not send mail to a residence that plaintiff didn't provide to Northern District Court for this case. *(See EXHIBIT P)* Nothing has ever been filed in district court against **MCDONALD'S RESTAURANTS OF ILLINOIS INC**. which is the proper defendant. No case has ever been litigated or judged towards defendant **MCDONALD'S RESTAURANT OF ILLINOIS INC.**

Plaintiff should not be bound by Res Judicata because Pro Se has never had an opportunity to have his day in court. Only Defendant from a former judgement can claim res judicata and defendant MCDONALD'S RESTAURANTS OF ILLINOIS INC. has not had its day in federal court with plaintiff KEENAN BROWN. This rule defendant is claiming is impractical. Pro Se has stated claim that is plausible on its face and has given all facts. Defendant MCDONALDS RESTAURANTS OF ILLINOIS INC. is in possession of that video recording that took place on October 24th 2019. *(See Exhibit A,D,N&J)*

FOR THESE REASONS STATED, Pro Se Keenan Brown case shall continue to move forward with Honorable Judge Norgle and this matter be tried before a Jury in Plaintiff favor, and relief be granted on Plaintiff behalf that Jury and Honorable Judge sees fit.

## CERTIFICATE OF SERVICE

This is to certify that on July 29th 2021, a true and correct copy of Pro Se Keenan Brown Response to Defendant MCDONALD'S RESTAURANTS OF ILLINOIS INC. motion to dismiss was submitted with the Clerk of the Circuit Court using the CM/ECF filing system which will send notification of such filing to the attorneys of record listed below:

Respectfully Submitted,

Pro Se Litigant, Keenan Brown
Dated: July 29th, 2021
Phone: 312-826-4385
P.O. Box 768792
Roswell, GA 30076

Stacy D. Fulco - ARDC 6242933
Margaret L. MacNair – ARDC 6321045
BODELL BOVE LLC
2215 York Road, Suite 515
Oak Brook, IL 60523
#630/382-4800
#630/468-2158 FAX
SFulco@bodellbove.com mmacnair@bodellbove.com



**CYBER**DRIVEILLINOIS.COM

# Corporation/LLC Search/Certificate of Good Standing

Corporation File Detail Report

| | |
|---|---|
| File Number | 48345701 |
| Entity Name | MCDONALD'S RESTAURANTS OF ILLINOIS, INC. |
| Status | ACTIVE |

### Entity Information

| | |
|---|---|
| Entity Type | CORPORATION |
| Type of Corp | DOMESTIC BCA |
| Incorporation Date (Domestic) | Friday, 12 January 1968 |
| State | ILLINOIS |
| Duration Date | PERPETUAL |

### Agent Information

| | |
|---|---|
| Name | PRENTICE HALL CORPORATION |
| Address | 801 ADLAI STEVENSON DRIVE<br>SPRINGFIELD , IL 62703 |
| Change Date | Thursday, 31 March 2011 |

### Annual Report

| | |
|---|---|
| Filing Date | Wednesday, 10 March 2021 |
| For Year | 2021 |

### Officers

| | |
|---|---|
| President<br>Name & Address | GREGG A EREIO 110 N CARPENTER STREET CHICAGO IL, 60607 |
| Secretary<br>Name & Address | MAHRUKH S HUSSAIN 110 N CARPENTER STREET CHICAGO IL, 60607 |

Return to Search



(One Certificate per Transaction)

 Gmail

# Plaintiff Settlement Response

**Fulco, Stacy** <SFulco@cremerspina.com>
To: Onechance2 Onechance2 <bkeenan720@gmail.com>

Thu, Mar 19, 2020 at 5:05 F

Mr. Brown –

I was just on the website for the Northern District of Illinois and it appears you filed something against McDonald's Restaurants -- case number 20 CV 851. I previously asked you to send me a copy of any complaint that you may file in federal court but I have not received any filed document a of yet. My client also has not received any document filed against it in federal court.

Please email me a copy of anything you have filed against McDonald's in federal court. Thank you.

Stacy

**Stacy D. Fulco**
Partner
Cremer Spina | One North Franklin| 10th Floor| Chicago, IL 60606
Ph: 312.601.9682 | Fax: 312.726.3818
sfulco@cremerspina.com | www.cremerspina.com | BLOG: www.stacyfulco.com



CONFIDENTIALITY NOTICE:

Unless otherwise indicated or obvious from the nature of the transmittal, the information contained in this e-mail message is attorney privileged and confidential information intended for the use of the individual or entity to whom it is directed. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify the sender by telephone, and return the original message to the sender at the above address. Thank you.

**From:** Onechance2 Onechance2 [mailto:bkeenan720@gmail.com]
**Sent:** Friday, February 14, 2020 4:21 PM
**To:** Fulco, Stacy



**FILED**
5/21/2021
TL

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* Prentice Hall Corp
was received by me on *(date)* 05/20/21

☑ I personally served the summons on the individual at *(place)* 801 Adlai Stevenson
Plainfield, IL 60207 on *(date)* 05/21/21 ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*
Matter Thru 365 Reuter Registration

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 05/21/21

_____
*Server's signature*

Quentin Knobloch DuShu
*Printed name and title*

600 E Monroe SPF,IL,IL
*Server's address*

Additional information regarding attempted service, etc:



EXHIBIT (C)

USM-285 is a 5-part form. Fill out the form and print 5 copies. Sign as needed and route as specified below.

**U.S. Department of Justice**
**United States Marshals Service**

PROC̶̶̶ RECEIPT AND RETURN
See "Inst̶̶̶ ̶ U.S. Marshal"

1:20-cv-00851
Judge Matthew F. Kennelly
Magistrate Judge Young B. Kim

| | |
|---|---|
| PLAINTIFF KEENAN BROWN | |
| DEFENDANT Mc'DONALD's RESATARUNT INC'S | |

SERVE AT
{ NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPE...

PRINCETON HALL COPERATION

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*

801 ADLAI STEVENSON DR SPRINGFIELD, IL 62703

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | | |
|---|---|---|
| | Number of process to be served with this Form 285 | 1 |
| P.O. BOX 2784 ORLAND PARK IL 60462 | Number of parties to be served in this case | 1 |
| | Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*

Fold

Fold                                                                                                                 Fold

| Signature of Attorney other Originator requesting service on behalf of: | ☒ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER 312-978-2385 | DATE 02/04/2020 |
|---|---|---|---|

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode |
|---|---|

| Address *(complete only different than shown above)* | Date | Time | ☐ am ☐ pm |
|---|---|---|---|
| | Signature of U.S. Marshal or Deputy | | |

| Service Fee | Total Mileage Charges including *endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|

REMARKS:

PRINT 5 COPIES:
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

Form USM-285
Rev. 12/80


EXHIBIT (D)

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

Keenan Brown,                         )
                 Plaintiff,        )
                        )          Case No:   20 C 851
                        )
         v.               )
                        )          Judge Kennelly
McDonalds' Restaurants Inc.,          )
              Defendants.         )

### ORDER

For the reasons stated below, the Court directs the Clerk to enter judgment dismissing plaintiff's federal claim with prejudice and dismissing any state-law claims without prejudice for lack of subject matter jurisdiction.

### STATEMENT

In response to the Court's order of March 25, 2020 identifying defects in plaintiff Keenan Brown's complaint, dismissing it, and telling him that unless he corrected these defects the Court would dismiss his case, Mr. Brown filed an amended complaint in which he essentially changed nothing.   First, he still has sued the wrong defendant, McDonalds' Restaurants Inc., a national entity and not the particular entity that he claims wronged him.   Second, his claim does not describe a cognizable violation of any federal statute, and Mr. Brown offers no other basis for federal jurisdiction (diversity of citizenship does not exist, as the Court explained in its March 25 order).   The only statute that comes close is 42 U.S.C. § 1981, but Mr. Brown describes what amounts to a personal injury claim, whereas section 1981 concerns discrimination in connection with contractual rights.   *See, e.g., Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006).   This is not what Mr. Brown has alleged.   He may be able to assert a personal injury claim in state court, but his federal claim cannot be sustained.   The Clerk is directed to enter judgment dismissing Mr. Brown's federal claim with prejudice and dismissing any state-law claims for lack of federal subject matter jurisdiction.

                                 _____
                                  MATTHEW F. KENNELLY
                                  United States District Judge

Date:   May 18, 2020



## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Keenan Brown, | ) | |
|       Plaintiff, | ) | |
| | ) | |
|     v. | ) | Case No. 20 C 851 |
| | ) | |
| McDonald's Restaurants of Ill., Inc., | ) | Judge: Kennelly |
|       Defendant. | ) | |

## ORDER

Plaintiff Keenan Brown has moved to reopen the case, which the Court dismissed for lack of subject matter jurisdiction, and to file an amended complaint. The Court denies the motion [14]. Mr. Brown now seeks to sue a different defendant, but both he and the new defendant are Illinois citizens, which means diversity jurisdiction is lacking. And Mr. Brown's claims still are not sufficient to invoke federal-question jurisdiction: his asserted claim under 42 U.S.C. § 1981 remains deficient for the reasons previously discussed, and his asserted claim under Title VII of the Civil Rights Act of 1964 is deficient because that governs discrimination in employment, and Mr. Brown does not claim that he was or was applying to be an employee of the defendant.

_____

MATTHEW F. KENNELLY
United States District Judge

Date: 6/25/2020


EXHIBIT (F)

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Keenan Brown, | ) | |
| Plaintiff, | ) | Case No: 20 C 851 |
| | : | |
| v. | : | |
| McDonalds' Restaurants Inc., | ) | Judge: Kennelly |
| Defendant. | ) | |

### ORDER

For the reasons stated below, the Court dismisses plaintiff's complaint for failure to state a claim. Unless he files, by 4/20/2020, a proposed amended complaint that states a viable claim over which this Court has jurisdiction, the Court will enter judgment against him.

### STATEMENT

Keenan Brown has filed a *pro se* complaint against McDonalds' Restaurants Inc. and a motion to proceed *in forma pauperis*, that is, without prepaying the filing fee. For this reason, the Court reviews Mr. Brown's complaint to determine whether it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). Mr. Brown alleges that on October 24, 2019, he went to a McDonald's at an unidentified location and ordered food and beverages. He says that a McDonalds worker brought him two hot teas "with no lid tray holder or caution warning signs " and then "toss[ed] steaming hot tea" at him, causing burns. He says the employee did this due to Mr. Brown's race, African-American. He is suing to recover damages for humiliation, pain and suffering.

There are two significant problems with Mr. Brown's complaint. First, he has not sued the proper defendant. He needs to sue the owner of the particular McDonalds franchise and, perhaps, the employee, not the national corporate entity (whose actual name is McDonald's Corp.). Second, and perhaps more importantly, there does not appear to be a basis for federal subject matter jurisdiction over Mr..Brown's claims. His complaint does not describe a violation of any federal statute—at least none that he identifies. And federal diversity jurisdiction under 28 U.S.C. § 1332 is lacking, because McDonald's Corp.'s headquarters (and thus its principal place of business) is in Illinois, making it, like Mr. Brown himself, an Illinois citizen. Unless Mr. Brown can cure these defects by the date listed above, the Court will enter judgment against him.

Date: March 25, 2020

_____
MATTHEW F. KENNELLY
United States District Judge



2116 (Rev. 2/16)

**STATE OF ILLINOIS**
**UNITED STATES OF AMERICA**
**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**
**COUNTY OF DU PAGE**

Brown

vs

McDonalds Restaurants
of Illinois, Inc.

CASE NUMBER
19 L 1295

File Stamp Here

**ORDER**

This cause coming before the Court; the Court being fully advised in the premises, and having jurisdiction of the subject matter, **IT IS HEREBY ORDERED:** Pro se plaintiff, Keenan Brown, present in Court and Counsel for McDonalds Restaurants of Illinois Inc. present.

(1) This case is dismissed without prejudice with plaintiff granted leave to file an action in Federal court, pursuant to plaintiffs motion.

The former dates of February 19, 2020 ... 5, 2020 are stricken

Signature of Plaintiff _____

Name: _____ ☐ PRO SE

DuPage Attorney Number: _____

Attorney for: Defendant

Address: 1 N. Franklin 10th Floor

City/State/Zip: Chicago, IL 60606

Telephone Number: 312-____-____

Email: _____

ENTER:

EXHIBIT (H)

Judge _____

Date: _____

# CIVIL COVER SHEET

JS 44 (Rev. 06/17)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as

of initiating the civil docket sheet. *(See instructions on next page of this form.)*

## I. (a) PLAINTIFFS
KEENAN BROWN

## DEFENDANTS
McDONALD'S RESTAURANT STORE INC'S

**(b)** County of Residence of First Listed Plaintiff  COOK

County of Residence of First Listed Defendant  USA

**(c)** Attorneys *(firm name, address, and telephone number)*
N/A RESPSENTING SELF PRO SI LITIGAINT

Attorneys *(If known)*
CREMER, SPINA SHAUGHNESSY, JASEN & SIEGERT,LLC
RACHEL E. OLIVER

## II. BASIS OF JURISDICTION *(Check one box only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government not a party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(For Diversity Cases Only)*
*(Check one box only for plaintiff and one box for defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Check one box only)*

1:20-cv-00851

Judge Matthew F. Kennelly
Magistrate Judge Young B. Kim

FILED

FEB - 5 2020

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition)
- ☐ 465 Other Immigration Actions

**PRISONER PETITIONS**
- ☐ 510 Motions
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 791 Employee Retirement Income Security Act

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAXES**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Check one box only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation
- ☐ 8 Multidistrict Litigation Direct File

## VI. CAUSE OF ACTION
*(Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)*

## VII. Previous Bankruptcy Matters *(For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary.)*

## VIII. REQUESTED IN COMPLAINT:
☐ Check if this is a class action under Rule 23, F.R.CV.P.

DEMAND $ 250.000.0

Check Yes only if demanded in complaint.
JURY DEMAND: ☒ Yes ☐ No

## IX. RELATED CASE(S) IF ANY
*(See instructions)*: McDonalds Restaurants
Judge

Docket Number D-202-CV-199302419

## X. This case *(check one box only)* ☒ is not a refiling of a previously dismissed action ☐ is a refiling of case number ☐ previously dismissed by Judge

Date
1/20/20 see attach from og

plaintiff asked that case be dismiss without prejudice

Signature of attorney of record

2/5/20

EXHIBIT (I

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
### NORTHERN DISTRICT OF ILLINOIS

Keenan Brown,

Plaintiff(s),

v.

McDonalds' Restaurants Inc.,

Defendant(s).

Case No. 20 C 851
Judge Matt e        e   ell

## JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☐    in favor of plaintiff(s)
and against defendant(s)
in the amount of $

which ☐ includes        pre–judgment interest.
☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff(s) shall recover costs from defendant(s).

---

☐    in favor of defendant(s)
and against plaintiff(s)

Defendant(s) shall recover costs from plaintiff(s).

---

☑    other: Case is dismissed with prejudice and any state-law claims are dismissed for lack of federal
subject matter jurisdiction.

---

This action was *(check one)*:

☐ tried by a jury with Judge                                    presiding, and the jury has rendered a verdict.
☐ tried by Judge                               without a jury and the above decision was reached.
☑ decided by Judge Matt e        e   ell        on a motion

Date: 5/18/2020

Thomas G. Bruton, Clerk of Court

Melissa Astell                    , Deputy Clerk


EXHIBIT (J)

# IN THE UNITED STATES DISTRICT
## COURT FOR THE NORTHERN DISTRICT
## OF ILLINOIS EASTERN DIVISION

KEENAN BROWN,

                            Plaintiff,

v.

MCDONALD'S RESTAURANTS OF
ILLINOIS, INC.,

                            Defendant.

Case No. 1:21-cv-1769

Judge Charles R. Norgle

## ORDER

Plaintiff is ordered to show cause by July 9, 2021 why this case should not be transferred to District Court Judge Matthew Kennelly as a case related to Plaintiff's previous case before Judge Kennelly, No. 20-cv-00851, which involved the same hot tea incident. See LR 40.4 ("A case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge" and certain conditions are met.).

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: June 9, 2021

1



IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| KEENAN BROWN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 21 cv 1769 |
| | ) | |
| MCDONALDS RESTAURANT OF | ) | Judge: Charles R. Norgle, Sr. |
| ILLINOIS, INC., | ) | |
| | ) | Magistrate Judge: Jeffrey Cole |
| Defendant. | ) | |

## NOTICE OF FILING

TO:  Keenan Brown
PO Box 2784
Orland Park, IL 60462
BKEENAN720@GMAIL.COM

**PLEASE TAKE NOTICE** that on the 8th day of June, 2021, there was filed with the United States District Court, For The Northern District Of Illinois Eastern Division, on behalf of Defendant McDONALD'S RESTAURANTS OF ILLINOIS, INC., its: **MOTION TO DISMISS PLAINTIFF'S PRO SE COMPLAINT,** and this **Notice of Filing.**

Respectfully submitted,

McDONALD'S RESTAURANTS OF ILLINOIS, INC.

By:  /s/ Stacy D. Fulco
One of Its Attorneys

Stacy D. Fulco - ARDC 6242933
Margaret L. MacNair – ARDC 6321045
BODELL BOVE LLC
2215 York Road, Suite 515
Oak Brook, IL 60523
#630/382-4800
#630/468-2158 FAX
SFulco@bodellbove.com
mmacnair@bodellbove.com



## PROOF OF SERVICE

**Tania Hana**, a non-attorney, being first duly sworn on oath, deposes and says that the foregoing **NOTICE OF FILING** and the documents referred to therein were served via Court's e-filing system, and e-mail to each person identified above on the **8**[th] day of **June, 2021** at Oak Brook, Illinois.

/s/ Tania Hana

[x] Under penalties as provided by law pursuant to
28 USC § 1746, I certify that the statements set
forth herein are true and correct.

2



## U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION,
## ATTORNEY APPEARANCE FORM

NOTE: In order to appear before this Court an attorney must either be a member in good standing of this Court's general bar or be granted leave to appear *pro hac vice* as provided for by Local Rules 83.12 through 83.14.

In the Matter of

KEENAN BROWN,

                                                    Plaintiff,

v.

MCDONALDS RESTAURANT OF ILLINOIS, INC.,

                                                    Defendant.

Case No: 21 cv 1769

AN APPEARANCE IS HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY FOR:
**McDONALD'S RESTAURANTS OF ILLINOIS, INC.**

| | |
|---|---|
| **NAME (Type or print)** | |
| Stacy D. Fulco | |
| **SIGNATURE (Use electronic signature is the appearance form is filed electronically)** | |
| /s/ Stacy D. Fulco | |
| **FIRM** | |
| BODELL BOVE LLC | |
| **STREET ADDRESS** | |
| 2215 York Road, Suite 515 | |
| **CITY/STATE/ZIP** | |
| Oak Brook, IL 60523 | |
| **ID NUMBER (SEE ITEM 3 IN INSTRUCTIONS)** | **TELEPHONE NUMBER** |
| 06242933 | 630/382-4800 |
| **ARE YOU ACTING AS LEAD COUNSEL IN THIS CASE?** YES | |
| **ARE YOU ACTING AS LOCAL COUNSEL IN THIS CASE?** NO | |
| **ARE YOU A MEMBER OF THIS COURT'S TRIAL BAR?** YES | |
| **IF THIS CASE REACHES TRIAL, WILL YOU ACT AS THE TRIAL ATTORNEY?** YES | |
| **IF THIS IS A CRIMINAL CASE, CHECK THE BOX BELOW THAT DESCRIBES YOUR STATUS.** | |
| **RETAINED COUNSEL  APPOINTED COUNSEL** | |

EXHIBIT (M)

Services      Publications/Forms      Departments      News      Contact



O̶f̶

# CYBERDRIVEILLINOIS.COM

## Corporation/LLC Search/Certificate of Good Standing

### Message

**Your search for McDonald's Restaurants inc, did not match any records.**

**Please try again.**

Return to Search

This information was printed from www.cyberdriveillinois.com, the official website of the Illinois Secretary of State's Office.



EXHIBIT (N)

**FILED**

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

FEB - 5 202:

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN FORMA PAUPERIS APPLICATION
AND FINANCIAL AFFIDAVIT**

KEENAN BROWN
Plaintiff

v.

Mc'DONALD's RESATARUNT INC'S
Defendant(s).

1:20-cv-00851
Judge Matthew F. Kennelly
Magistrate Judge Young B. Kim

**Instructions:** This application must be updated at least annually. Please answer every question. Do not leave any blanks. If the answer is "none" or "not applicable (N/A)," write that response. Wherever a box is included, place a ✓ in whichever box applies. If you need more space to answer a question or to explain your answer, attach an additional page that refers to each such question by number and provide the additional information. Please print or type your answers.

Application: I, KEENAN BROWN _____, declare that I am the ■ plaintiff ☐ petitioner ☐ movant ☐ (other_____) in the above-entitled case. This affidavit constitutes my application to proceed ☐ without full prepayment of fees, or ☐ in support of my motion for appointment of counsel, or ■ both. I declare that I am unable to pay the costs of these proceedings, and I believe that I am entitled to the relief sought in the complaint/petition/motion/appeal. I understand that the judge can grant my application, deny my application, or require that I pay a partial filing fee. In support of my application, I answer the following questions under penalty of perjury.

1. Are you currently incarcerated?      ☐ Yes    ☑ No
   (If "No" go to question 2.)

   ID #: N/A      Name of prison or jail: N/A
   Do you receive any payment from the institution?    ☐ Yes    ☐ No
   Monthly amount: N/A

2. Are you currently employed?      ☐ Yes    ☑ No
   A. If the answer is "*yes,*" state your:
        *Monthly* salary or wages: N/A
        Name and address of employer: N/A

   B. If the answer is "*no,*" state your:
        Beginning and ending dates of last employment: 12/22/2020 1-12-2020
        *Last monthly* salary or wages: 17HR

        Name and address of employer: PARMOUNT STAFFING COMPANY

3. Are you married?      ☐ Yes    ☑ No
   If the answer is "yes", is your spouse currently employed?    ☐ Yes    ☑ No

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 08/23/2018

EXHIBIT
(O)

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

*Spouse's Monthly* salary or wages: __N/A__
  Name and address of employer: __N/A__
   __N/A__

4. In addition to your income stated above in response to Question 2 (which you should not repeat here), have you or anyone else living at the same residence received more than $200 in the past twelve months from any of the following sources? Place a ✓ next to "Yes" or "No" in each of the categories A through G, check all boxes that apply in each category, and fill in the twelve-month total in each category.

A. ☐ Salary or ■ wages      ☐ Yes ■ No
  Total received in the last 12 months: __3200__
  Received by: __JOBS__

B. ☐ Business, ☐ profession or ☐ other self-employment ☐ Yes ■ No
  Total received in the last 12 months: __N/A__
  Received by: _____

C. ☐ Rental income, ☐ interest or ☐ dividends  ☐ Yes ■ No
  Total received in the last 12 months: __HOMELESS NOW LIVE IN__
  Received by: __CAR FOR NOW__

D. ☐ Pensions, ☐ social security, ☐ annuities, ☐ life ☐ Yes ■ No
  insurance, ☐ disability, ☐ workers' compensation,
  ☐ alimony or maintenance or ☐ Settlement/Judgment or ☐ child support
  Total received in the last 12 months: __N/A__
  Received by: __N/A__

E. ☐ Gifts or ☐ inheritances     ☐ Yes ■ No
  Total received in the last 12 months: __FAMILY IS NOT WEALTHY__
  Received by: _____

F. ☐ Unemployment, ☐ welfare, or ☐ any other public ☐ Yes ☐ No
  assistance
  Total received in the last 12 months: __SANP BENFINTS__
  Received by: _____

G. ☐ Any other sources (describe source: __DOOR DASH__ ) ■ Yes ☐ No
  Total received in the last 12 months: __200__
  Received by: _____

5. Do you or anyone else living at the same residence have more ☐ Yes ■ No
 than $200 in cash or checking or savings accounts?
 Total amount: __$43.00__
 In whose name held:_____Relationship to you: _____

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]


EXHIBIT (O)

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

6. Do you or anyone else living at the same residence own any stocks, bonds, securities or other financial instruments? ☐ Yes ☑ No
   Property: N/A _____ Current value: N/A _____
   In whose name held: N/A _____ Relationship to you: N/A _____

7. Do *you or anyone else living at the same residence* own any real estate (with or without a mortgage)? Real estate includes, among other things, a house, apartment, condominium, cooperative, two-flat, etc. ☐ Yes ☑ No
   Type of property and address: N/A _____
   Current value: _____ Equity: _____ (Equity is the difference between what the property is worth and the amount you owe on it.)
   In whose name held: _____ Relationship to you: _____
   Amount of monthly mortgage or loan payments: _____
   Name of person making payments: _____

8. Do you or anyone else living at the same residence own any automobiles with a current market value of more than $1000? ☐ Yes ☑ No
   Year, make and model: NISSAN ALTIMA _____
   Current value: 500 _____ Equity: N/A _____ (Equity is the difference between what the automobile is worth and the amount you owe on it.)
   Amount of monthly loan payments: 0 _____
   In whose name held: PLAINTIFF _____ Relationship to you: N/A _____
   Name of person making payments: N/A _____

9. Do *you or anyone else living at the same residence* own any boats, trailers, mobile homes or other items of personal property with a current market value of more than $1000? ☐ Yes ☑ No
   Property: N/A _____
   Current value: N/A _____ Equity: N/A _____ (Equity is the difference between what the property is worth and the amount you owe on it.)
   Amount of monthly loan payments: N/A _____
   In whose name held: N/A _____ Relationship to you: N/A _____
   Name of person making payments: N/A _____

10. List the persons who live with you who are dependent on you for support. State your relationship to each person and state whether you are entirely responsible for the person's support or the specific monthly amount you contribute to his or her support. If none, check here: ☑ None.
    I DONT HAVE FAMILY _____
    _____

11. List the persons who do not live with you who are dependent on you for support. State your relationship to each person and state how much you contribute monthly to his or her support. If none, check here: ☑ None.
    MYSLEF _____
    _____

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

EXHIBIT (0)

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**I declare under penalty of perjury that the above information is true and correct. I understand that 28 U.S.C. § 1915(e)(2)(A) states that the court shall dismiss this case at any time if the court determines that my allegation of poverty is untrue.**

Date: 2/5/2020  2/5/20

_____
Signature of Applicant
KEENAN BROWN
(Print Name)

---

**NOTICE TO PRISONERS:** In addition to the Certificate below, a prisoner must also attach a print-out from the institution(s) where he or she has been in custody during the last six months showing all receipts, expenditures and balances in the prisoner's prison or jail trust fund accounts during that period. Because the law requires information as to such accounts covering a full six months before you have filed your lawsuit, you must attach a sheet covering transactions in your own account – prepared by each institution where you have been in custody during that six-month period. As already stated, you must also have the Certificate below completed by an authorized officer at each institution.

---

## CERTIFICATE
**(Incarcerated applicants only)**
**(To be completed by the institution of incarceration)**

I certify that the applicant named herein,_____, I.D.#_____, has the sum of $_____on account to his/her credit at (name of institution) _____. I further certify that the applicant has the following securities to his/her credit:_____. I further certify that during the past six months the applicant's average monthly deposit was $_____. (Add all deposits from all sources and then divide by number of months).

_____         _____
Date                              Signature of Authorized Officer

_____
(Print Name)



[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 08/23/2018

*u*

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

# U.S. District Court for the Northern District Of Illinois
## Appearance Form for Pro Se Litigants

Information entered on this form is required for any ~~filing~~ a case in this court as a pro se party (that is, without an attorney). **Please PRINT le**

*1:20-cv-00851
Judge Matthew F. Kennelly
Magistrate Judge Young B. Kim*

Case Title: OTHER PERSONAL INJURY LIABILITY

An appearance is hereby filed by the undersigned as a pro se litigant:

Name: Keenan Brown

Street Address: P.O. BOX 2784

City/State/Zip: ORLAND PARK IL 60462

Phone Number: 312-978-2385

_____
Signature

*5th*
2/4/2020
_____
Executed on (date)

---

## REQUEST TO RECEIVE NOTICE THROUGH E-MAIL

If you check the box below and provide an e-mail address in the space provided, you will receive notice via e-mail. By checking the box and providing an e-mail address, under Federal Rule of Civil Procedure 5(b)2(E) you are waiving your right to receive a paper copy of documents filed electronically in this case. You should not provide an e-mail address if you do not check it frequently.

[✔] I request to be sent notices from the court via e-mail. I understand that by making this request, I am waiving the right to receive a paper copy of any electronically filed document in this case. I understand that if my e-mail address changes I must promptly notify the Court in writing.

BKEENAN720@GMAIL.COM

_____
**E-Mail Address (Please PRINT legibly.)**


EXHIBIT (P)

FILED

FEB - 5 202_

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Rev. 06/23/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

10.    Every one of the four complaints the plaintiff has filed has been regarding one transaction – the purchase of hot tea at the Bolingbrook McDonald's restaurant on October 24, 2019.

11.    In this case, all three requirements of res judicata are met. The plaintiff filed a prior lawsuit in the Northern District of Illinois, No. 20 cv 851, and the lawsuit was based on the exact same incident which is alleged in the current complaint. In both complaints, the plaintiff asserts an alleged incident which took place on October 24, 2019 at a Bolingbrook McDonald's restaurant whereby the plaintiff claims he was injured from hot tea and racially discriminated against. Furthermore, in both cases the plaintiff sued McDonald's. The plaintiff did not use the proper entity name in the first complaint, but the complaint was against McDonald's Restaurants. Lastly, the court entered a final judgment in the initial case, dismissing all federal court claims with prejudice. (Ex. F).

12.    If the plaintiff wanted to assert claims pursuant to 42 USC §1981 and 28 USC §1332, those must have been asserted in the initial case. Once the plaintiff's complaint as to all federal claims was dismissed with prejudice, the plaintiff's only options were to file an appeal to the Seventh Circuit or re-file in state court. Pursuant to res judicata the plaintiff is barred from filing a new complaint and asserting federal claims. Therefore, the plaintiff's complaint should be dismissed with prejudice.

### Rule 12(b)(1) Failure To Establish Court's Diversity Jurisdiction Over This Action

13.    Assuming *arguendo*, the court does not dismiss the plaintiff's complaint based on res judicata, the complaint should be dismissed pursuant to Rule 12(b)(1) because the court does not have diversity jurisdiction over this action.



4