IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEENAN BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21 C 1769 |
| ) | |
| McDONALDS RESTAURANTS ) | |
| OF ILLINOIS, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Keenan Brown filed a *pro se* lawsuit in state court against "McDonald's Restaurant" (identifying a Bolingbrook location) in November 2019. He sought to recover damages from an incident in which he alleged that a McDonalds employee had thrown hot tea (or hot water) at him. In January 2020, Mr. Brown voluntarily dismissed the state court case without prejudice because he intended to file suit in federal court. He did so on February 5, filing a *pro se* lawsuit involving the same October 2019 incident, naming as the defendant "McDonalds' Restaurants Inc." *Brown v. McDonalds' Restaurants Inc.*, Case No. 20 C 851 (N.D. Ill.).

On March 25, 2020, the Court dismissed Mr. Brown's complaint for failure to state a claim. The Court concluded that he had not sued the proper defendant, stating that Mr. Brown "needs to sue the owner of the particular McDonalds franchise and, perhaps, the employee, not the national corporate entity (whose actual name is McDonald's Corp.)." Case No. 20 C 851, order of Mar. 25, 2020. The Court also concluded that there did not appear to be a basis for federal subject matter jurisdiction, noting that Mr. Brown's complaint "does not describe a violation of a federal statute—at

least none that he identifies" and that diversity of citizenship was lacking because it appeared that both Mr. Brown and the entity he had sued were Illinois citizens.  *Id.*  The Court gave Mr. Brown time to file an amended complaint curing these defects and advised that if he did not do so, the Court would enter judgment against him.

Mr. Brown filed an amended complaint describing the same events and citing several federal statutes, including 42 U.S.C. § 1981, as a basis for his claim. Specifically, he said that the McDonalds employee had acted "due [to] his ethnicity being African American male."  Case No. 20 C 851, am. compl., p. 2.

On May 18, 2020, the Court entered judgment dismissing Mr. Brown's federal claim with prejudice and dismissing any state law claims without prejudice for lack of subject matter jurisdiction.  The Court said that of the statutes Mr. Brown had cited, "[t]he only statute that comes close is 42 U.S.C. § 1981, but Mr. Brown describes what amounts to a personal injury claim, whereas section 1981 concerns discrimination in connection with contractual rights."  Case No. 20 C 851, order of May 18, 2020.

In March 2021, Mr. Brown filed the present lawsuit.  The lawsuit concerned the same alleged events, but Mr. Brown named a different defendant, specifically, McDonald's Restaurants of Illinois, Inc.  He asserted a state law negligence claim and a claim under 42 U.S.C. § 1981.

The defendant—which the Court will refer to as McDonalds of Illinois—has moved to dismiss.  It contends that Mr. Brown's lawsuit is barred by the earlier dismissal; diversity of citizenship is lacking; there is no viable claim under 42 U.S.C. § 1981; and the negligence allegations are insufficient to state a claim.

The Court starts with the question of subject matter jurisdiction.  McDonalds of

Illinois is a citizen of Illinois. Based on materials submitted to the Court, however, Mr. Brown is a citizen of Georgia, at least as of the date he filed the present lawsuit.[1] Thus there is complete diversity of citizenship. *See* 28 U.S.C. § 1332(a).

Second, Mr. Brown's current lawsuit against McDonalds of Illinois is not barred by the dismissal of his prior lawsuit against a different defendant. Defendant cites the rule against claim-splitting, which typically requires a litigant to join in a single case all claims involving a single transaction. But as the Seventh Circuit has noted, "[t]he Illinois rule against claim splitting does not preclude separate actions against separate defendants, so [plaintiff] was not required to name all defendants in one suit." *Jackson v. Angus*, 686 F. App'x 367, 371 (7th Cir. 2017). The Court also notes that the current defendant, apparently the actual owner of the restaurant in question, does not represent the same legal interest as the McDonalds national entity that Mr. Brown sued before, so the two are not in privity with each other—another reason why claim preclusion does not apply. *See id.* Reduced to its essentials, the issue is a pretty simple one: Mr. Brown sued the wrong defendant in the first lawsuit, and now he has sued the right one. The dismissal of the first case against the wrong defendant in no way precludes him from suing the right one—and no case cited by defendant suggests otherwise. That aside, Illinois does not apply the rule against claim-splitting when it would be inequitable to do so, *see, e.g., Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 341, 665 N.E.2d 1199, 1207 (1996), and doing so most certainly would be inequitable here given Mr. Brown's *pro se* status. The Court also notes that the purpose of the rule against claim-splitting is to

---

[1] At a telephonic hearing on November 3, 2021, Mr. Brown advised the Court that he had been a citizen of Georgia for about fifteen months—in other words, since about August 2020.

3

protect *a defendant* from a multiplicity of suits, see *Wilson v. Edward Hosp.*, 2012 IL 112898, ¶ 12, 981 N.E.2d 971, 976, which isn't a risk when (as here) a different defendant is sued in the second lawsuit.

Third, Mr. Brown has adequately alleged a claim for (perhaps among other things) negligence. To state a claim for negligence under Illinois law, a plaintiff must plead facts sufficient to establish that the defendant owed the plaintiff a duty of care, the defendant breached that duty, and the plaintiff suffered an injury proximately caused by the breach. *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 430, 856 N.E.2d 1048, 1053 (2006). A business invitor like McDonalds owes invitees a duty to protect them against the unreasonable risk of physical harm. *See id.* at 440, 856 N.E.2d at 1059. Mr. Brown has adequately alleged that McDonalds breached that duty and that he was injured as a result.

Fourth, Mr. Brown has not stated a viable claim under 42 U.S.C. § 1981. Specifically, he has not alleged any interference with the right to make and enforce a contract as required under the statute, as he has not alleged the actual loss of a contractual interest. *See, e.g., Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1994).

## Conclusion

For the reasons stated above, the Court dismisses plaintiff's claim under 42 U.S.C. § 1981 but otherwise denies defendant's motion to dismiss. The telephonic status hearing set for tomorrow (December 9) at 9:15 a.m. will proceed as scheduled.

Date: December 8, 2021

_____
MATTHEW F. KENNELLY
United States District Judge