IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| KEENAN BROWN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 21 cv 1769 |
| | ) | |
| MCDONALDS RESTAURANT OF ILLINOIS, INC., | ) ) | Judge: Matthew F. Kennelly |
| | ) | Magistrate Judge: Jeffrey Cole |
| Defendant. | ) | |

**DEFENDANT McDONALD'S RESTAURANTS OF ILLINOIS, INC.'S
INITIAL STATUS REPORT**

Defendant, McDonald's Restaurants of Illinois, Inc. submits the following report to the Court on the status of this case:

1. **The names of all persons who have information that the party may need to support its claims or defenses and a short summary of the topic(s) of the person's possible testimony:**

    a. <u>Plaintiff, Keenan Brown</u> – Mr. Brown is the plaintiff in this action. He is likely to testify regarding the allegations set forth in his complaint; his actions and conduct and the actions and conduct of the restaurant employees on October 24, 2019 at the 295 N Weber Rd., Bolingbrook, Illinois McDonald's restaurant; his medical conditions, treatment, and problems prior to, on, and after October 24, 2019; and his conversations with his physicians, medical providers, friends, family, co-workers, and employers regarding the alleged October 24, 2019 incident and his subsequent injuries.

    b. <u>Axel Chisnick</u> – Mr. Chisnick was the manager on duty at the time of the alleged incident and filled out the incident report. He is no longer employed by the defendant and his last known address will be made available to the plaintiff through written discovery. Mr. Chisnick is likely to testify regarding his education, training and work experience; the policies, procedures and practices of the 295 N Weber Rd, Bolingbrook, Illinois McDonald's restaurant; and his knowledge of the plaintiff allegations.

    c. <u>Maria Hernandez</u> – Ms. Hernandez was the general manager at the time of the alleged incident. She may be contacted through the defendant's counsel. Ms. Hernandez is likely to testify regarding her education, training and work experience; the policies, procedures and practices of the 295 N Weber Rd,

Bolingbrook, Illinois McDonald's restaurant; and her knowledge of the plaintiff allegations.

d. <u>Liam McCornisq</u> – Mr. McCornisq was the presenter/cashier at the time of the alleged incident. He may be contacted through the defendant's counsel. Mr. McCornisq is likely to testify regarding his education, training and work experience; the policies, procedures and practices of the 295 N Weber Rd, Bolingbrook, Illinois McDonald's restaurant; and his knowledge of the plaintiff allegations.

e. <u>Laryah Alexander</u> – Ms. Alexander was a witness to the alleged incident. She left the premises with the plaintiff after the alleged incident. Ms. Alexander is expected to testify regarding the allegations set forth in the plaintiff's complaint; her knowledge of the 295 N Weber Rd., Bolingbrook, Illinois McDonald's Restaurant; and her observations of the plaintiff and employees while at the 295 N Weber Rd., Bolingbrook, Illinois McDonald's restaurant on October 24, 2019.

f. <u>Plaintiff's medical and mental health treaters</u> – The plaintiff's medical and mental health treaters are unknown at this time. Each of the plaintiff's medical and mental health treaters are expected to testify regarding their education, training, and professional experiences and knowledge; their care of the plaintiff prior to and following his October 24, 2019 incident; their medical notes, reports, charts, and x-rays/scans regarding the plaintiff; their understanding of the medical and mental conditions suffered by the plaintiff before and after the October 24, 2019 incident; and their conversations with the plaintiff.

2. **A description of any documents that the defendant may need to obtain from the plaintiff or a third party to support its defenses:**

   a. The statements, oral and written, of all parties or employees of parties given to some person or entity other than their attorney;
   b. The statements, oral and written, of all witnesses to the alleged occurrence;
   c. All photographs, digital images, slides, x-rays, motion pictures, movies, drawings, diagrams, or sketches taken of the plaintiff, the physical objects involved in the alleged occurrence, or of the scene of the alleged occurrence both before and after the alleged occurrence and up to the present;
   d. All books, records, bills, statements, invoices, ledgers, and other documents or memoranda whatsoever relating to the amount of damages sought by the plaintiff, including but not limited to, employment and personnel records, W-2 tax forms, Federal Income Tax returns for the five years prior to the year and the year subsequent to the occurrence;
   e. All medical records, reports, correspondence, and other documents from or to all physicians, hospitals, clinics, and other documents from or to all physicians, hospitals, clinics and other medical personnel and institutions concerning the physical and mental health of the plaintiff, relating to the claim;

f. Any accident reports, incident reports, witness statements or reports of investigation regarding Plaintiff's alleged injury or damages allegedly following therefrom;
g. Any and all notes, diaries, calendars or other writings prepared by or on behalf of the Plaintiff and pertaining to the events, injuries, or time lost from employment as a result of the occurrence in question; and
h. A copy of the plaintiff's receipt for any purchases made at the restaurant at issue on the date at issue and if the plaintiff is no longer in possession of the receipt, a copy of the proof of payment such as a credit card statement or cancelled check.

3. **A description of any documents that the Defendant has in its possession or control that it may use to support its defense:**

    a. Incident report dated October 24, 2019 (this will be produced after the entry of a protective order);
    b. Photograph of the plaintiff from October 24, 2019;
    c. Dec page showing insurance policy information;
    d. Relevant pages of the Safety and Security sections of the Operations & Training Manual (this will be produced after the entry of a protective order); and
    e. Relevant pages of the Service Area Food Beverage Manual (this will be produced after entry of a protective order).

4. **Whether there is or was any surveillance footage of the incident described in the complaint:** There is no surveillance footage of the plaintiff's alleged incident in the possession of the defendant.

5. **Other Information:**

    a. The parties held a Rule 26(f) Conference on January 3, 2022 and could not agree on two items: (1) Plaintiff does not agree to sign a HIPAA order and (2) Plaintiff does not agree to sign a protective order to allow for the production of confidential and proprietary documents. The defendant will file a motion requesting entry of both orders.

    Respectfully submitted,

    McDONALD'S RESTAURANTS OF ILLINOIS, INC.

    By:_____
    One of Its Attorneys

Stacy D. Fulco - ARDC 6242933
Margaret L. MacNair – ARDC 6321045

BODELL BOVE LLC
2215 York Road, Suite 515
Oak Brook, IL 60523
#630/382-4800
#630/468-2158 FAX
SFulco@bodellbove.com
mmacnair@bodellbove.com